# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Lee Richard M., Jr.,

      Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 17-5125 ADM/BRT

Nancy Berryhill,
Acting Commissioner of
Social Security,

      Defendant.

___

Stephanie M. Balmer, Esq., Falsani, Balmer, Peterson & Balmer, Duluth, MN, on behalf of Plaintiff.

Tracey Wirmani, Esq., Special Assistant United States Attorney, Assistant Regional Counsel, Social Security Administration, Dallas, TX, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the Objection [Docket No. 17] of Defendant Nancy Berryhill, Acting Commissioner of Social Security ("Commissioner") to Magistrate Judge Becky Thorson's December 17, 2018 Report and Recommendation ("R&R") [Docket No. 16]. In the R&R, Judge Thorson recommends granting in part Plaintiff Lee Richard M.'s ("Plaintiff") Motion for Summary Judgment [Docket No. 10], denying the Commissioner's Motion for Summary Judgment [Docket No. 14], and remanding this matter to the Administrative Law Judge ("ALJ") for further proceedings. For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II. BACKGROUND[1]

This is Plaintiff's second appeal to a United States District Court following a final decision by the Commissioner on Plaintiff's December 8, 2010 applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Plaintiff's first appeal was filed in the United States District Court for the Western District of Arkansas in 2013, after an ALJ denied benefits on May 4, 2012 and the Social Security Administration ("SSA") Appeals Counsel denied Plaintiff's request for review. Tr. [Docket No. 8] 1–4, 8–28, 891–98.

The Arkansas District Court remanded Plaintiff's case to the SSA to further develop the record concerning the impact of Plaintiff's gout and chronic renal insufficiency on Plaintiff's residual functional capacity ("RFC").[2] Tr. 895–96. The district court noted:

> [N]either of these diagnoses [of gout and chronic renal insufficiency] were considered in the Physical RFC completed on January 22, 2011, or in the subsequent requests for medical advice. Nor is there any record of a medical source statement addressing Plaintiff's ability to function in the workplace from his treating rheumatologist or nephrologist. The ALJ did include these diseases in the Plaintiff's list of severe impairments. However, he dismissed the effect of both diseases for lack of objective evidence and failure to seek treatment when assessing the overall RFC. Once the ALJ was made aware of a crucial issue that might change the outcome of a case, he had a duty to conduct further inquiry to fully develop the record. He did not. Further, because the record was not developed, the ALJ apparently assessed the effects of Plaintiff's gout and chronic renal insufficiency without the benefit of a medical opinion as to how these diseases might affect Plaintiff's ability to function in the workplace.

Tr. 896 (internal citation omitted).

---

[1] The full procedural and factual background is described in the R&R and is incorporated by reference.

[2] A claimant's RFC is defined as what the claimant can do in a work setting despite his limitations. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010); 20 C.F.R. § 404.1545(a)(1).

The district court concluded that remand was necessary and ordered the ALJ on remand to "fully and fairly develop the record as to Plaintiff's gout and chronic renal insufficiency." Tr. 897. The remand order instructed that "[a]s part of this development the ALJ must recontact Plaintiff's treating nephrologist and rheumatologist for clarification on Plaintiff's gout and chronic renal insufficiency" and "obtain an RFC from both specialists." Id. The district court further directed that once the information was obtained, the ALJ should reassess Plaintiff's overall RFC and present the information to a vocational expert. Id.

On remand, the ALJ attempted to obtain opinions from Plaintiff's treating physicians by faxing a form titled "Medical Source Statement of Ability to do Work-Related Activities (Physical)" to the physicians. Tr. 1545–66. Plaintiff's rheumatologist returned the form without completing it, stating "We do not have the ability to do these. McBride rehab can." Tr. 1549. Plaintiff's nephrologist did not respond despite the form being faxed to his office three times. See Tr. Index [Docket No. 8, Attach. 1] Ex. B30F. The ALJ did not attempt to contact the physicians through other means and did not seek an RFC assessment from a consulting or reviewing specialist after the unsuccessful efforts to obtain information from Plaintiff's treating physicians.

On July 25, 2017, after another set of hearings on remand, the ALJ issued a partially favorable decision. Tr. 674–96. The ALJ concluded that Plaintiff was disabled as of February 1, 2014, but was not disabled before that date because he had the RFC to perform sedentary work until January 31, 2014. Tr. 681. Based on this conclusion, the ALJ held that Plaintiff was entitled to SSI benefits beginning February 1, 2014. Tr. 696. However, the ALJ held that

3

Plaintiff was not entitled to DIB because he was not disabled at any time through December 31, 2012, the date he was last insured. Tr. 696.

In determining that Plaintiff had the ability to function in the workplace before February 1, 2014, the ALJ cited the same exhibits and made similar comments about Plaintiff's chronic renal insufficiency and gout as in the previous decision that led to the Arkansas district court's remand. Compare Tr. 22–23, with Tr. 687.

Plaintiff filed this case in November 2017 for judicial review of the July 25, 2017 decision. Plaintiff and the Commissioner each filed motions for summary judgment. The R&R recommends granting Plaintiff's motion in part, denying the Commissioner's motion, and remanding for further development of the record. The R&R concludes that remand is necessary because, "as was pointed out by the [Arkansas] district court previously, 'the ALJ apparently assessed the effects of Plaintiff's gout and chronic renal sufficiency without the benefit of a medical opinion as to how these diseases might affect Plaintiff's ability to function in the workplace.' (Tr. 896) And thus, for the same reasons as the district court found before, remand is required." R&R at 13.

The Commissioner objects to the R&R's remand conclusion and argues that the ALJ's decision should be summarily affirmed.

### III. DISCUSSION

**A.     Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Commissioner's decision to deny social security benefits must be affirmed if it conforms to the law and is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Kluesner v. Astrue, 607 F.3d 533, 536 (8th Cir. 2010). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion. Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

**B. Commissioner's Objection**

The Commissioner specifically objects to the R&R's conclusion that the ALJ did not abide by the Arkansas District Court's remand order. The Commissioner argues that the ALJ complied with the remand order by contacting Plaintiff's nephrologist and rheumatologist as instructed, and that although neither physician provided the requested information, the ALJ could not force them to do so.

As the R&R recognized, a "district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." Sullivan v. Hudson, 490 U.S. 877, 885 (1989). "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Id. at 886.

The Court agrees with the conclusion in the R&R that the ALJ failed to follow the directives of the Arkansas Court's remand order. The order required the ALJ to further develop

5

the record concerning how Plaintiff's gout or chronic renal insufficiency might affect his ability to function in the workplace. Tr. 896. The ALJ was instructed to obtain an RFC assessment from the specialists treating these diseases. Tr. 897. The ALJ's efforts to obtain the information were by fax communication only and were not successful. No other means of comunication with the treating physicians was attempted. Additionally, while the ALJ could not force the specialists to respond, there is no indication that the ALJ sought to obtain a consultative examination from any other medical expert. Thus, the ALJ did not further develop the record as required, but instead relied on the same exhibits from his earlier decision to conclude that Plaintiff's gout and chronic renal insufficiency were not as limiting as he alleged. Because the ALJ failed to fulfill the requirements of the remand order, a second remand is necessary.

The Commissioner also argues that the ALJ was not required to obtain a medical opinion regarding Plaintiff's gout and renal insufficiency because the record included sufficient evidence to support the ALJ's RFC assessment. Specifically, the ALJ observed that the record showed only rare instances of swelling related to gout, and Plaintiff's laboratory results relating to Plaintiff's chronic renal insufficiency were typically within normal ranges prior to February 1, 2014. Tr. 687. The Commissioner thus contends that the ALJ possessed adequate evidence to determine Plaintiff's RFC and that no medical opinion was necessary.

This argument directly contradicts the Arkansas Court's holding that the medical evidence was not sufficient to determine Plaintiff's overall RFC. This Court will not subvert that holding. As the Arkansas Court explained, once an ALJ becomes aware of a crucial issue that could affect the outcome of a disability determination, the ALJ has a duty to conduct further inquiry to fully develop the record. Tr. 895 (citing Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)). "This duty includes the responsibility of ensuring that the record includes evidence

from a treating physician, or at least an examining physician, addressing the particular impairments at issue." Strongson v. Barnhart, 361 F.3d 1066, 1071–72 (8th Cir. 2004). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012). "[A]n administrative law judge may not draw upon his own inferences from medical reports." Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003) (quoting Lund v. Weinberger, 520 F.2d 782, 785 (8th Cir.1975)).

Here, the ALJ included gout and chronic renal insufficiency in the list of Plaintiff's severe impairments, but did not fully develop the record with medical evidence addressing how these impairments affect Plaintiff's ability to function in the workplace, as the Arkansas District Court ordered. The Court agrees with the conclusion in the R&R that remand is necessary to fully develop the record.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Commissioner's Objection [Docket No. 17] is **OVERRULED**;

2. The R&R [Docket No. 16] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 10] is **GRANTED IN PART**;

4. Defendant's Motion for Summary Judgment [Docket No. 14] is **DENIED**; and

5. The matter is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 7, 2019.